**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdul Mahaddie Underwood,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Unknown Moss, et al.,<br><br>　　　　　Defendants. | No. CV-20-00381-TUC-RCC<br><br>**ORDER** |

Before the Court is Plaintiff Abdul Mahaddie Underwood's Motion for Discovery Requests (Doc. 28), Motion for Summary Judgment (Doc. 36), Motion to Extend Time for Discovery (Doc. 37), and Defendant Trinity Services Group Incorporated's (Trinity) Motion to Amend Deadlines and Request to Dismiss Defendant Chaplain Herman (Doc. 32), Motion to Compel Discovery Responses (Doc. 38), and Motion for Extension of Time to File Response/Reply to Motion for Summary Judgment (Doc. 39).

**I.   MOTION FOR SUMMARY JUDGMENT (DOC. 36) MOTION TO AMEND DEADLINES & DISMISS DEFENDANT HERMAN (DOC. 32) AND EXTENSION (DOC. 39)**

Plaintiff has filed a Motion for Summary Judgment asking the Court to grant summary judgment against Defendants Chaplain Moss, Chaplain Herman, and Trinity Food Service. (Doc. 36.) Defendant Moss was dismissed from this case October 8, 2020 (Doc. 7), and therefore summary judgment against Moss is inappropriate. In addition, Plaintiff's service packet for Defendant Herman was returned unexecuted on November 17, 2020, indicating that Herman did not work at Plaintiff's named address. (Doc. 9.)

Despite the lack of service, Plaintiff requested default judgment against Herman (Doc. 16), which the Court denied (Doc. 19). Plaintiff did not request an extension of time for service, nor did he ask the Court to resend the service packet so that he could attempt to remedy the contact information for Herman. A plaintiff is responsible for service of the summons and complaint upon any defendant, Fed. R. Civ. P. 4(c)(1), but the court may order the U.S. Marshal to effectuate service if a defendant is proceeding in forma pauperis, Fed. R. Civ. P. 4(c)(3). "However, a plaintiff's justified reliance on service through the U.S. Marshal presupposes that the plaintiff has furnished the information necessary to identify the defendant." *Hamer v. Dep't of Employment, Rehab. & Training, Vocational Rehab. Bureau*, 2:15-CV-1036-GMN-GWF, 2019 WL 763582, at *2 (D. Nev. Feb. 21, 2019).

Plaintiff was warned that any Defendant not served within 90 days of the Complaint or 60 days of the Court's October 8, 2020 screening order would be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule of Civil Procedure 16.2(b)(2)(B)(ii). (Doc. 7 at 10.) Because Plaintiff did not provide the appropriate contact information for Defendant Herman, did not attempt to remedy the erroneous contact information, did not ask the Court to send another service packet for Herman, and did not request an extension of time to serve, service has not been effectuated and the Court will dismiss Defendant Herman. Since Herman has not been served and will be dismissed, summary judgment against him is inappropriate. **The Court, therefore, will grant Defendant Trinity's Request to Dismiss Defendant Chaplain Herman. (Doc. 32.)**

The remaining Defendant, Trinity, has requested an extension for filing a response to Plaintiff's summary judgment motion. (Doc. 39.) Trinity points out that Plaintiff's motion does not conform with Federal Rule of Civil Procedure 56 or Local Rule of Civil Procedure 56.1 because it does not include a statement of facts, a memorandum of law in support, or citations to record evidence. (Doc. 39.)

Trinity is correct. Therefore, **the Court will deny the Motion for Summary Judgment without prejudice. (Doc. 36.)** *See* LR Civ 56.1(a) ("A failure to submit a

separate statement of facts in this form may constitute grounds for denial of the [summary judgment] motion."). Therefore, the Court will **grant Trinity's Motion for Extension of Time to File Response/Reply to Motion for Summary Judgment insofar as it asks the Court to deny the Motion for Summary Judgment. (Doc. 39.)**

Because the denial of summary judgment is without prejudice, and because Trinity has requested an extension, the Court finds it is appropriate to extend the time for dispositive motions. So, **the Court will grant Trinity's Motion to Amend Deadlines, amending the deadlines as stated below. (Doc. 32.)**

If Plaintiff so chooses, he may file a second motion for summary judgment, *pertaining to the exhaustion of administrative remedies only*, on or before March 26, 2022. Should this matter proceed past the administrative exhaustion motions, Plaintiff may file a dispositive motion *as to the merits of his claims* on or before June 26, 2022.

If Plaintiff decides to file a second motion for summary judgment, he must become familiar with Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1. Rule 56 tells a party what he or she must do in order to litigate a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of the pending case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end the case. A party cannot simply rely on what the complaint says. Instead, the party must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.

Local Rule of Civil Procedure 56.1(a) also requires that a party includes with the Motion for Summary Judgment a separate statement of facts. The rule states:

> (a) Separate Statement of Facts. Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. The separate statement should include only those facts that

the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the separate statement of facts. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). A failure to submit a separate statement of facts in this form may constitute grounds for denial of the motion.

LRCiv 56.1(a). A party must also cite to the specific paragraph in the party's statement of facts that supports any factual claims made in the memorandum of law:

> (e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda.

LRCiv 56.1(e).

Additionally, a party must comply with the following provisions of Rule 7.2 of the Local Rules of Civil Procedure:

> (e) Length of Motions and Memoranda. Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
>
> . . . .
>
> (i) Briefs or Memoranda of Law; Effect of Non-Compliance. If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2.

## II.  DISCOVERY MOTIONS (DOCS. 28, 37, 38)

Plaintiff's Motion for Discovery asks the Court to order Defendants Moss, Herman, and Trinity to disclose various discovery information to Plaintiff. (Doc. 28.) As noted previously, Defendants Moss and Herman are dismissed from this matter, so requesting discovery from these parties is inappropriate. Furthermore, Plaintiff has not included a certification that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain [the discovery] without court action." Fed. R. Civ. P. 37(a)(1). **The Court will therefore deny Plaintiff's motion for discovery without prejudice. (Doc. 28.)** Plaintiff is directed to Federal Rules 26 through 37 for the guidelines for disclosure and discovery.

Plaintiff also asks for a 90-day extension for discovery. Given the pending deadlines and the effect of the Court's order dismissing Defendant Herman on Plaintiff's proposed discovery, **the Court will grant Plaintiff's Motion to Extend Time for Discovery and Documents. (Doc. 37.)**

On December 9, 2021, Trinity filed a Motion to Compel discovery. (Doc. 38.) Trinity claims it provided written discovery requests, but Plaintiff's responses were inadequate. (*Id.* at 1–2.) Trinity attests Plaintiff did not respond or object to its interrogatories, but instead made reference to other documents. (*Id.* at 2.) In addition, Plaintiff did not provide any documents in response to Trinity's requests for production. (*Id.*)

The Federal Rules of Civil Procedure state:

> **(a) In General**.
> . . .
>  **(1)** *Scope*. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.
> **(b) Answers and Objections.**

- 5 -

>**(1)** *Responding Party.* The interrogatories must be answered:
>>(A) by the party to whom they are directed;
>
>. . . .
>**(3)** *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>**(4)** *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Fed. R. Civ. P. 33. A party may file a motion to compel disclosure if an opposing party provides invasive or incomplete disclosure. Fed. R. Civ. P. 37(a)(3)(A), 37(a)(4). Trinity attached Plaintiff's responses to its motion and included specific reasons why the responses are deficient. (Doc. 38-1 at 2–13.)

First, Plaintiff counters that Trinity requested discovery on behalf of all Defendants, which was inappropriate. (Doc. at 2.) Plaintiff believes he did not need to respond or object because the other Defendants did not provide input about the requests. (*Id.*) Moreover, Plaintiff states his responses were limited by what items he possessed. (*Id.* at 3.) He claims he has had difficulty obtaining information, including the information he has requested from Trinity. (*Id.*) Finally, Plaintiff claims that certain questions were redundant, and he had already answered them, while others were irrelevant. (*Id.* at 5.)

To begin, Trinity is the only remaining party in this matter. Therefore, Plaintiff may not disregard Trinity's requests based on his assertion Trinity improperly requested discovery on behalf of the two now-terminated Defendants.

Second, if Plaintiff does not possess certain items or information, or has had difficulty obtaining them, this does not prevent him from responding to Trinity's discovery requests listing the evidence he does currently possess. Plaintiff should have sufficient information, based on the allegations in his complaint, to respond to interrogatories 1–5, and may respond with what evidence he currently has available for interrogatories 9–12. He may supplement this information if Trinity

provides other documents Plaintiff believes should be included.

As to Trinity's requests for production, Plaintiff can specifically state what documents he presently intends to use in his lawsuit, including any of the 801 documents already provided by Trinity. He cannot sidestep his obligation by claiming he lacks resource or access to name documents he is currently aware of that are the subject of his lawsuit. If he has no current documents and does not intend to use any of the prior disclosure from Trinity to support his case, he can indicate this in his responses.

Finally, Plaintiff's belief that the discovery requests are redundant or irrelevant do not negate his duty to respond specifically to each request. In fact, much of litigation may be seen to be repetitive, but that does not mean it is not necessary.

Plaintiff's responses are in violation of the Federal Rules of Civil Procedure because they are nonresponsive, incomplete, and vague. Therefore, **the Court will grant Trinity's Motion to Compel Discovery. (Doc. 38.)**

Accordingly, **IT IS ORDERED:**

1) Plaintiff Abdul Mahaddie Underwood's Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. (Doc. 36.)

2) Defendant Trinity's Motion to Amend Deadlines and Request to Dismiss Defendant Chaplain Herman is GRANTED. (Doc. 32.)

3) Defendant Trinity's Motion for Extension of Time to File Response/Reply to Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART. (Doc. 39.) The motion is granted insofar as it requests denial of the summary judgment motion. The motion is denied as moot insofar as it requests an extension of time to respond to the summary judgment.

4) Plaintiff's Motion to Extend Time for Discovery and Documents is GRANTED. (Doc. 37.)

5) Defendant Trinity's Motion to Amend Deadlines and Request to Dismiss Defendant Chaplain Herman is GRANTED. (Doc. 32.)

      a. Defendant Herman is DISMISSED for failure to serve.

6) The deadlines in this matter are amended as follows:

      a. The deadline for **dispositive motions related to the exhaustion of administrative remedies** shall be extended to on or before **March 26, 2022.**

      b. The deadline for **dispositive motions as to the merits** of the claims is extended to on or **before June 26, 2022.**

      c. The deadline for **written discovery** shall be extended to on or before **March 24, 2022.**

      **d.** The deadline to take **Plaintiff's deposition**, if not already completed, shall be extended to on or before **March 26, 2022.**

      e. The parties shall have until **June 26, 2022** to submit a brief **Joint Settlement Status Report** to the Court, and every 45 days thereafter.

      f. The parties shall have until **July 26, 2022** to file a **Joint Proposed Pretrial Order**, unless dispositive motions are filed, wherein the deadline shall be extended until 30 days from the filing date of the Court's order issuing its decisions on said motions.

7) Plaintiff's Motion for Discovery Requests is DENIED WITHOUT PREJUDICE. (Doc. 28.)

8) Defendant Trinity's Motion to Compel Discovery Responses is GRANTED. (Doc. 38.)

      a. Plaintiff shall fully and without objection provide sufficient responses to Defendant's Interrogatories 1–5, 9–12, and Requests for Production 1–9, within fifteen (15) days of the date of this Order.

Dated this 12th day of January, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge